Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104
Telephone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorney for Plaintiff Richard L. Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Miles Richard L. Francisco, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| Capital One, N. A., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |

**Preliminary Statement**

1.     This is an action for damages brought by individual consumer Miles Richard L. Francisco ("Francisco") against defendant Capital One, N.A. for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq* and the Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a).

**The Parties**

2.     Plaintiff is an individual who resides in Contra Costa County, California.

3.     Defendant Capital One N.A. is a national bank with its principal place of business in Glen Allen, Virginia ("Capital One").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Jurisdiction & Venue**

4.     The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the state law claims pursuant to 15 USC § 1367.

5.     The alleged violations arose in part in this district, which is where plaintiffs reside.

**Description of the Case**

6.     Capital One, N.A. issued a Yamaha branded credit card to plaintiff Francisco in June 2014. The card has a credit limit of $12,000. Plaintiff authorized charges of about $11,900 in June 2014.

7.     Plaintiff made each of the minimum payments required by the cardholder agreement. Some payments were beyond the due date, but each minimum payment was made within 30 days of the due date.

8.      Beginning in July 2015, Capital One, N.A. began reporting to the three nationwide credit reporting agencies, Experian, Equifax and Trans Union, ("CRAs") that plaintiff Francisco had been over 30 days late in making the July 2015 payment.

9.     The reports that plaintiff Francisco's July 2015 payment was over 30 days late were inaccurate. The truth was that plaintiff made each of the monthly payments within 30 days of the due date.

10.     On July 2015, plaintiff Francisco spoke at length with representatives of Capital One, N.A., Equifax, and Trans Union during which conversations plaintiff disputed the reports that he had been late making the July 2015 payment. In August 2015, plaintiff also disputed the late payment reports by contacting Equifax and Trans Union online.

11.     Upon learning that plaintiff was disputing the late payment reports, the CRAs sent automated consumer dispute verification requests to Capital One asking it to investigate the dispute. Upon receipt of the requests, Capital One was obligated to conduct a reasonable investigation as to

its credit reporting on the account. However, Capital One failed and refused to conduct a reasonable investigation and instead merely arbitrarily verified its reporting as correct

12. Capital One willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures to correct the inaccurate credit information.

13. As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) inability to obtain a mortgage loan, b) harm to his credit reputation and credit scores, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration.

14. Defendant Capital One is a subscriber to the three CRAs. As such, at least once a month, Capital One electronically transmits its customers' account information to CRAs. Each such transmission includes changes, additions and deletions of customers' account information.

15. Plaintiff's account history was included in each of Capital One's monthly transmissions of information to the CRAs.

16. Each time plaintiff lodged a dispute with the CRAs, the CRA contacted Capital One by electronically sending it an Automatic Consumer Dispute Verification (ACDV). The ACDV notified Capital One that plaintiff was disputing its credit reporting on the account.

17. Upon receipt of the ACDVs, Capital One was required to conduct a reasonable investigation of the dispute and to then report back to the CRA the results of its investigation. The CRA in turn reported the results to plaintiff.

18. Capital One failed to conduct a reasonable investigation concerning the disputes.

19. When Capital One transmitted the loan account information, it knew that the CRAs would sell the credit information to anyone who had a permissible purpose to obtain the credit information and who was willing to pay the CRAs fees. Such persons include banks, finance companies and other creditors.

20.     Potential credit grantors that were considering extending credit to plaintiff sought and obtained plaintiff's credit reports from one or more of the CRAs.

21.     During the two years preceding the filing of the complaint in this action, various credit grantors obtained plaintiff's credit reports, which included Capital One's negative reports.

22.     Each time a CRA sold a copy of plaintiff's credit reports to a potential credit grantor, plaintiff was damaged. Each such sale was a separate publication of Capital One's inaccurate, incomplete and misleading credit reports.

23.     Credit scores are used by credit grantors to decide whether to extend credit. The credit scores are primarily based on the contents of consumer's credit reports as published by the CRAs.

**First Claim: Violation of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) – Against Defendant Capital One, Inc.**

24. Plaintiff incorporates by reference ¶¶ 1-23.

25. The FCRA requires a furnisher such as Capital One after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

26.     Within the last two years, defendant Capital One provided inaccurate, misleading and incomplete information to the CRAs.

27.     Capital One violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a)     willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that plaintiff disputed;

(b)     willfully and negligently failed to review all relevant information concerning plaintiff's accounts;

(c)     willfully and negligently failing to report the results of investigations to the CRAs;

(d)     willfully and negligently failing to report the inaccurate status of the inaccurate information to the CRAs;

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the CRAs concerning the inaccurate information disputed by plaintiff;

(f)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's accounts to the credit reporting agencies;

(g)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

28.     As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Second Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Capital One**

29.     Plaintiff incorporates by reference ¶¶ 1-28.

30.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

31.     Capital One negligently and willfully furnished information to the CRAs that it knew or should have known was inaccurate, misleading, and incomplete.

32.     Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees,

compensation for pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows, as applicable to each claim:

On the First Claim: Violations of the Fair Credit Reporting Act, 15 USC § 1681s-2(b),

    a) Actual, statutory and punitive damages;

    b) Costs and attorney's fees; and

    c) For any other relief that the court deems just and proper.

On the Second Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25(a),

    d) Actual, statutory and punitive damages;

    e) Injunctive relief; and

    f) Costs and attorney's fees; and

    g) For any other relief that the court deems just and proper.

Dated: September 11, 2015.

ANDERSON, OGILVIE & BREWER LLP

By   */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: September 11, 2015.

ANDERSON, OGILVIE & BREWER LLP

By   */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff